Ex Parte

Kenneth Wayne Jerome
Applicant

Cause No. 1233728-A

Aug 18 2015

79,118-05

In The 263rd District Court
Of
Harris County Texas

## Applicants Response To States Proposed
## Finding of Fact Conclusions of Law And Order

Having Reviewed the States Proposed Finding of Facts and Conclusions of Law Applicant offer the following Response both generally and specific points the State makes, which will be referenced below by the numbers the state used in its documents.

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 20 2015

Abel Acosta, Clerk

## General Response

The State fails to take into consideration, let alone address, most of the points made in applicants "Response to Affidavit Submitted on March 30, 2015 by trial counsel Jerome Godinich Jr." previously filed with the court and proposely served on the State. Said Response points out, in detail and documenting from the record, many inadequaties and contradictions Mr. Godinich has not explained, And for which the State makes NO NO Response. A full rehearsal of the contents of that Response would be redundant, and thus Applicant respectfully request that the court refer to that document for a fuller treatment of the individual points made below in Response to specific Proposed Finding of Fact by the State.

## Proposed Finding 1-4

These Finding stand uncontested.

## Proposed Finding 5

The above referenced Response by Applicant to trial counsels Affidavit points out clear inconsistencies not explained by trial counsel nor addressed by the State. Thus finding trial counsels affidavit to be "credible" is at premature and most likely improper trial counsel in a statement designed to clear himself of a complaint made with the State Bar

(1)

indicated to them that Applicant was "more of a hinderance than a help to his own defense". One of the prongs of competency to stand trial (see Drope v Missouri, 420 US 162c 171). Now in response to the request for an affidavit in the instant Habeas Proceeding challenging the effectiveness of his performance. Counsel states essentialy the opposite. Counsel current claim that Applicants "question were relevent and his factual recitations were clear and consistent" opposes his prior statement that he Applicant was articulating a conspiracy theory law enforcement. Due to Applicant introduction of confusing facts during the investigation. Inconsistencies such as these strain credibily. regardless of which set of responses is more accurate.

## Proposed Finding 6

The record show that trial court counsel filed no pretrial motions except one on the day of trial- And that motion was not heard. Certainly a counsel investigating a murder trial, having spent a large amount of time on preperation and discovery, with a client who insisted on going to trial from the begining, would have had more activity before the court than this. Moreover, taking photographs and measurements outside the house where the crime occured- when the crime allegedly took place INSIDE, and that some six month after the alledged incident, when any artifacts expected to be found to corraborate any witness' recal of the events would no longer be present or in the same condition as the time of the alleged incident is of no real defensive value.

## Proposed Finding 7-8

These findings stand uncontested. with respect to the claims made. The credibility of trial counsel affidavit has already. been addressed, and here it is not so much whether or not trial counsel was aware of the applicants medications. As that he did not also appropriatly in Applicants intrest in light of that awareness".

## Proposed finding 9

This issue is addressed in response to Proposed finding 5 above, and at greater length in applicants previously filed response to trial counsel's affidavit. Trial counsel has made inconsistent statements ignoring this issue. Considering his prior response to the State Bar. (previously submitted as an exhibit see Habeas Corpus Exhibit H)

(2)

## PROPOSED FINDING 10

This issue is UNCONTESTED but PROVES the point that trial counsel did NOT do Adequate investigation into Applicants Pre-incarceration (In Jail) Psychiatric history. Despite the claims and suspicions he made to the state Bar.

## PROPOSED Finding 11

This has been addressed Previously. And in more detail in applicants Previously filed Response to trial counsels Affidavit. MORE OVER a good understanding of facts and Allegations" is not all that is Required for competency. A Rational and factual understanding is Required (SEE Drope, supra, C 172, citing Dusky V United States 362 U.S. C 402). Trial counsel's Statements to the State Bar suggest he questioned Applicants Rationally confusing facts approaching conspiracy theory). and as outlined in the Prior Response Exhibits filed by Applicant, the history and Nature of his Mental illness call Rationally into question in any situation especially an emotionally charged one. Trial counsel either did insufficient investigation to Know this or Knew and did not act accordingly.

## PROPOSED Finding 12

This is a "NUNC Pro tunc" Argument - the state appears to be claiming that because applicants Responses during trial seemed clear, that therefore he was competent to stand trial (SEE Bruce supra at 1059) "[T]he existence of even a severe psychiatric defect is Not always apparent to laymen.

In this instant case inappropriate Reasoning. Competency. Insanity is an issue to be addressed before trial, based on indications that call it into question possibly Blocking proceeding with trial Not an issue to be PROVEN anyones performance during trial.

## PROPOSED Finding 13

The "factual support" that the state claims applicant did not Provide. Applicant did in fact Provide in his previously filed Response to trial counsels Affidavit. and Numerous attachments of medical records include there with. Perhaps the state did not

(3)

thoroughly review documents. However, it appears from the record and trial counsel's own statement that he made no effort to get information about applicant's extensive mental health history prior to his arrest and jail records - which had counsel done would quite likely have shaped the defense differently

## Proposed Finding 14-17

These issues have cumulatively been addressed in the previous responses and in applicants previously filed response to trial counsel's affidavit. Separate treatment here would be redundant.

Wherefore Applicant prays that the court consider these response and the facts there in and address the inconsistancies demonstrated in trial counsels conflicting statements, designating those as issues for resolution as well as any others it deems appropriate arising from the record.

Kenneth Wayne Jerome
Kenneth Wayne Jerome #1627205
Applicant
Connally Unit
899 FM 632
Kenedy Tx 78119

CC forwarded to
8-18-2015 Court of Criminal Appeals
and
District Attorney office
Harris County Tx

(4)

**Kenneth W. Jerome**

**v.**

**The State of Texas**

**In the 263rd Judicial District Court of**
**Harris County Texas**

**Case: 1233728**

**Response to Affidavit Submitted on March 30, 2015 by:**
**Trial Counsel Jerome Godinich Jr.**

To the Honorable Judge in said court:

Comes now the Petitioner Kenneth W. Jerome filing a rebuttal in response to the court ordered affidavit by attorney, Jerome Godinich Jr.. The Petitioner will show this honorable court the following the following:

**I**

The State requested the trial court order designation issues that needed to be addressed. Further, the State requested that the court order the Petitioner's counsel, Jerome Godinich Jr., to file an affidavit addressing the allegations of ineffective assistance of counsel on March 27, 2013.

**II**

The State requested proposed order designating issues and for filing an affidavit to assist the court in resolving the issues. Trial counsel, Jerome Godinich Jr., was ordered to file an affidavit summarizing his actions as counsel for the Petitioner in the primary case 1233728 and give a response to seven (7) questions. Trial counsel was ordered to submit said affidavit with the Post-Conviction Writ Division of the District Clerk's Office within twenty days (20) of the order, signed by Judge Jim Wallace of 263rd District Court, April 3, 2013. Counsel did not respond with said affidavit until two (2) years later, but still showing ineffectiveness.

**Rebuttal of Affidavit**

Petitioner will point out each issue in accordance with the seven (7) questions and trial counsel's response, with supporting medical documents referred to as: *Exhibits MD - A thru I*

**Point 1** - Mr. Godinich fails here to answer the State's question. He is asked if he made any observation about applicant's mental status generally, not his competency specifically (this is asked later: questions 4, 5, &7). Mr. Godinich's observations should have included not only applicant's behavior during their interviews, but also his review of applicant's medical records, specifically his psychiatric history. Mr. Godinich's response to The State Bar - see Exhibit H; (arising from a complaint filed by applicant) strongly suggests that he *did* suspect mental illness / incompetence, as he was on the verge of requesting a mental evaluation, waiting only for applicant "to articulate a conspiracy theory." Given applicant's extensive psychiatric history (see enclosed medical records, namely Exhibits MD A thru I) *prior* to the instant case as well as his treatment during pendency of the case, Mr. Godinich was not justified in waiting for something so extreme as a "conspiracy theory" to appear prior to competency / mental health evaluation.

1 | P a g e

**Point 2 -** Mr. Godinich is not a psychiatrist, and therefore is unqualified to answer this question (#2) by his own opinions. He ought to have referred to applicant's psychiatric history as provided by applicant's medical records, and consulted psychologist / psychiatrist / other subject matter experts, and used them rather than rely on his own opinion that the applicant was merely depressed in a way "that is not uncommon for anyone incarcerated and awaiting trial for murder". Mr. Godinich makes no indication that he consulted such experts or even reviewed applicants pre-arrest history of psychiatric problems, which is extensive (see Exhibits MD A thru I) . Mr. Godinich further says that applicant's "questions were relevant and his factual recitations were clear and consistent", implying that the applicant was " able to assist in his own defense". This clearly contradicts Mr. Godinich's response to the aforementioned bar complaint (see Exhibit H), in which he states that applicant is "more of a hindrance than help to his own defense". Moreover, Mr. Godinich's response indicates that the applicant introduced confusing facts later in the investigation, of such a type that he feared might lead to applicant "beginning to articulate a conspiracy theory involving law enforcement". This certainly doesn't reflect "clear and consistent factual recitations" as Mr. Godinich now alleges. Which assessment would he have us believe?

**Point 3 -** This response calls into question Mr. Godinich's thoroughness in his review of applicant's medical records (present and historical). Mr. Godinich indicates here that he reviewed applicant's *jail* medical records, but makes no mention of any investigation of applicant's *prior* psychiatric history - and it is extensive (see Exhibits MD A thru I) . It seems he made no such review.

**Point 4 -** Again, Mr. Godinich contradicts what he told The State Bar (see Exhibit H). On applicant's medical record, his Axis GAF (Global Assessment of Functioning) score is 50 (see Exhibit MD; B, E, F). This qualifies a person as psychiatrically disabled - unable to sustain employment, and qualifies one for various disability benefits including social security. This low level of examining ought to have called applicant's ability to stand trial into question. If Mr. Godinich even noted this figure, he likely did not investigate its significance and ramifications - or if he did, he simply ignored acting on it.

**Point 5 -** Mr. Godinich gives no indication that the applicant's mental condition improved by the date of trial, nor that the opinions he expressed in his response to The State Bar (see Exhibit H) about applicant being "more of a hindrance than a help" ever changed prior to trial.

**Point 6 -** Mr. Godinich, again, contradicts his prior comments. Moreover, he equates applicant's ability to recite facts to a jury with emotional and psychological stability sufficient to withstand the rigors of trial; they are not the same. Someone with the applicant's extensive history of psychiatric illness, especially given his suicide attempts (see Exhibit MD - D) , cannot be considered competent and stable simply because he can "tell his side of the story". The illnesses from which applicant suffers cause problems with reality testing (inability to distinguish reality from delusion), especially in emotionally charged situations. Had Mr. Godinich known and researched this, his only reasonable option would have been to pursue incompetence, as applicant's ability to perceive and react appropriately to reality is called into question. See point seven (7).

**Point 7** - Mr. Godinich ought to have reviewed applicant's full psychiatric history, consulted subject matter experts and applicant's treating physicians, and pursued a hearing, without waiting for a "conspiracy theory" to surface. Sufficient doubt about applicant's stability and competency exists.
See Exhibits MD- A thru I

In closing, Mr. Godinich claims to "remember this case very well". If this is true, why did it take approximately two (2) years to respond to an order requiring him to respond within twenty (20) days? This further evidence of his neglect and / or lackadaisical attitude, at the root of his ineffectiveness.